```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION

IN RE:    FEDERAL HOME LOAN MORTGAGE
          CORP. (FREDDIE MAC)
          SECURITIES LITIGATION

JERRY JONES                                          PLAINTIFF

v.                     Case No. 2:11-mc-00019

RICHARD SYRON and
ANTHONY PISZEL                                       DEFENDANTS
```

**ORDER**

This matter is before the Court on Plaintiff's Motion to Quash Subpoenas (Doc. 1) directed to non-parties, or in the alternative to stay compliance dates pending resolution of the motion by this Court or the proposed transferee Court - the United States District Court for the Southern District of New York - who is currently presiding over the underlying Multi-District Litigation action. Defendants have filed a prompt Response (Doc. 5). On or about July 12, 2011, Defendants served a total of eight subpoenas on Jones' Fort Smith broker, John Taylor, and his firm, Sterne Agee, seeking both production of documents and deposition testimony. Jones seeks to quash the third-party subpoenas only as relates to an included "catch-all" provision requesting "[a]ny other documents or communications" between Jones and Taylor or Sterne Agee. (*See, e.g.,* Doc. 2.2, p. 8, para. 8). The compliance date to produce documents is July 27, 2011. Jones' motion was filed on July 25, 2007 with a request for expedited review.

Jones argues that the documents requested under the catch-all provision should be quashed due to the fact that his securities fraud claim is premised on a fraud on the market theory of reliance such that any evidence of his investment trading history tending to show his sophistication as an investor is irrelevant. The Court has conducted as thorough a review of case law as possible given the expedited nature of the motion, and it appears it would be better suited for the Court actually handling the underlying litigation to decide whether the discovery requested by the subpoenas is relevant. What case law there is on this issue indicates that resolution of similar discovery issues in "fraud on the market" class action cases often hinges on how discovery and the litigation of the case itself are structured. For instance, some courts have held that discovery into a single plaintiff's investment history will not become appropriate, if at all, either until after class certification or even until after the matter of class-wide liability has been adjudicated. *See, e.g., Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, 2005 U.S. Dist. LEXIS 8610 (N.D. Ill. 2005). Thus, the United States District Court for the Southern District of New York is better placed to determine the relevance of the requested discovery, having far more knowledge as to the history and structure of the underlying litigation than this Court can hope to glean based on the limited record before it.

There is conflicting case law, as set forth in the parties' briefs, as to whether an individual plaintiff's investment history

or sophistication is relevant in class action securities litigation. However, based on its review of the case law, the Court is persuaded that there is a substantial likelihood that an individual plaintiff's investment history in class action securities litigation is not relevant at this stage of the proceedings. As such, the Court finds it appropriate to stay the compliance dates of the subpoenas pending resolution of the motion to quash. The purpose of this temporary stay is to preserve the status quo while giving the MDL Court sufficient opportunity to consider the merits of the motion to quash. *See Brady v. National Football League*, 638 F.3d 1004, 1005 (8th Cir. 2011).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash (Doc. 1) be **TRANSFERRED** to the United States District Court for the Southern District of New York for resolution. Plaintiff's motion to stay compliance pending resolution of the motion is **GRANTED**. The compliance dates for the subpoenas at issue are **TEMPORARILY STAYED**.

IT IS SO ORDERED this 27th day of July 2011.

*/s/ Paul K. Holmes, III*
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**